**Rollie Finney, Appellee, v. Harris & Cole Bros., Appellants.**

**Gen. No. 5569.**

VERDICTS—*when not disturbed as against the evidence.* A verdict will not be set aside as against the evidence unless clearly and manifestly so.

Action in case for personal injuries. Appeal from the Circuit Court of Massac county; the Hon. W. W. DUNCAN, Judge, presiding.

Finney v. Harris & Cole Bros., 168 Ill. App. 326.

Heard in this court at the October term, 1911. Reversed and re-
manded. Opinion filed April 25, 1912. .

C. L. V. MULKEY, for appellant.

H. A. EVANS and FRED R. YOUNG, for appellee.

MR. JUSTICE MORTON W. THOMPSON delivered the
opinion of the court.

At the April term, 1911, of the Circuit Court of Mas-
sac county, the plaintiff recovered a judgment against
the defendants for $5,000, and they appeal.

On July 23, 1910, the plaintiff was hurt in the plan-
ing mill of the defendants at East Metropolis, while
feeding lumber into one of the planing machines, by
one of the boards so fed into said machine being thrown
out or "kicked back" and striking him, breaking his
leg, and severely injuring him.

This machine consisted in part of two cutter heads,
two and a half feet long and six inches in diameter, ad-
justed with numerous knives set to plane boards
passed into it. These cutter heads revolved in the op-
posite direction from that in which the boards moved, or
against the feed, and towards the operator when feed-
ing timbers into the machine. The evidence shows that
the proper and safe way to feed said planer is to put
one board through at a time; and also that it is danger-
ous to put a second board into the planer until the first
one has passed the cutter heads, as, if the second
should be a little thicker than the first, it would raise
the dead rolls designed to hold the board to the bed by
which it was carried through the planer, thereby re-
leasing it from the bed, and the action of the cutter
heads would tend to throw it back and out of the
planer.

At the time of the injury, plaintiff says he had two
boards in the planer, and that the one that hit him
lacked about two feet of passing the cutter head, when

it just "flew back" and out of the planer and hit him, breaking his left leg midway between the knee and hip.

The count upon which this case was tried, alleges that the defendants furnished plaintiff a defective and unsafe planer to work with; that they knew of said defective and unsafe condition, and that plaintiff did not know, etc.

Plaintiff had worked in defendant's mill for about twelve years; had operated this planer before; had repaired it and adjusted it to do its work, and was familiar with its mechanism and operation.

He also testified that he did not know that it was unsafe or out of repair at that time, and did not know that it was dangerous to start a second board into it before the first one was through. In this he was strongly contradicted; and while upon his uncontradicted testimony, the judgment would not be disturbed, we feel that in view of the conflicting character of the evidence, and surrounding facts and circumstances, the case should be submitted to another jury, and for those reasons the judgment of the trial court is reversed, and the cause remanded for another trial.

*Reversed and remanded.*